ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
2009 DEC 22 A 11: 04

| | | |
|---|---|---|
| ROSS V. PAYNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 309-78 |
| | ) | |
| RALPH KEMP, Warden, and | ) | |
| THURBERT BAKER, Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ross V. Payne, an inmate presently confined at Wilcox State Prison in Abbeville, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **MOOT** (doc. no. 2), that this case filed pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

I.  **BACKGROUND**

According to Petitioner, on March 29, 1995, a jury in the Superior Court of Johnson County found him guilty of murder. (Doc. no. 1, pp. 3, 4). Petitioner was sentenced to a term of life of imprisonment. (Id.). Petitioner did not timely file an appeal,[2] and he does not report that he has filed a collateral attack on his judgment of conviction in any Georgia state court. As grounds for federal habeas corpus relief, Petitioner asserts: (1) he was innocent of the murder charge; (2) he was denied his right to testify at his Jackson-Denno hearing; (3) the indictment was fatally defective; (4) the jury was "infected with prejudice" by improper closing remarks made by the district attorney; (5) he received ineffective assistance of trial counsel; and (6) he received ineffective assistance of appellate counsel. (Id. at 15-18).

II.  **DISCUSSION**

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the

---

[2]Petitioner provides a lengthy narration of his attempts to file untimely "New Trial Motions" and out-of-time appeals. (Doc. no. 1, pp. 7-15). He states that he was repeatedly denied a direct appeal because his motions were untimely. Petitioner maintains that his right to appeal has been purposely delayed due to both alleged ineffective assistance of appellate counsel and alleged judicial misconduct. (Id. at 15). However, Plaintiff's attempts to file out-of-times appeals are not relevant here because as stated herein, Plaintiff has not exhausted the remedies available in the courts of the State.

law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[3] Id. However, the exhaustion doctrine does not

---

[3] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

3

require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the

4

applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[4]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[5]

In the case at bar, Petitioner has not exhausted his state court remedies because he did not file a direct appeal of his conviction or pursue collateral relief via a petition for state

---

[4] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

[5] When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). The Eleventh Circuit has summarized the requirements of Rhines as follows: "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-79). However, because the stay and abeyance procedure has the potential to frustrate the "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and undermining the "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition," the stay and abeyance procedure should only be used in limited circumstances. Id. at 277. Petitioner has not presented any exhausted claims in the present petition and, therefore, the stay and abeyance procedure is inapplicable.

5

habeas corpus relief. Thus, Petitioner has not alleged the requisite exhaustion of his available state remedies. See 28 U.S.C. § 2254(c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Petitioner has failed to allege that he exhausted his available state remedies, the instant federal habeas corpus petition should be **DISMISSED** without prejudice.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **MOOT**, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of December, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE